IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVIN LEE GRADY,
No. 16001-040,

Petitioner,

vs.

WARDEN TRUE,                                    Case No. 18–cv–01034-DRH

Respondent.

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Petitioner Kevin Lee Grady is currently incarcerated in the United States Penitentiary located at Marion, Illinois ("USP-Marion"). He brings this habeas corpus action pursuant to 28 U.S.C. § 2241. (Doc. 1). Grady challenges his conviction and sentence for bank fraud, wire fraud, and making false statements to a federal official in *United States v. Grady*, No. 11-cr-00131-RJJ-2 (W.D. Mi.) ("criminal case"). He asks this Court to vacate his sentence on jurisdictional and due process grounds. (Doc. 1, pp. 5-6, 8-25).

Grady argues that the financial institution he was convicted of defrauding did not qualify as a federally insured "financial institution" under 18 U.S.C. § 20 until the legal definition of "financial institution" changed several years after he

1

did business with the institution. (Doc. 1, pp. 8-25). Further, a misunderstanding about which institution he used resulted in his wrongful conviction. *Id*.

This is not the first time that Grady has brought this challenge to his conviction and sentence. He has already pursued this claim unsuccessfully on three or more prior occasions under 28 U.S.C. § 2255, 28 U.S.C. § 2241, and in related appeals. Grady is foreclosed from doing so again here, based on his new understanding of subject matter jurisdiction and due process.

As Grady has previously been advised, § 2241 is not a vehicle for appealing an adverse decision on a § 2255 motion or a § 2241 petition. It certainly is not an appropriate vehicle for appealing an unfavorable decision from the Court of Appeals. Grady nevertheless returns to this Court seeking relief under § 2241 based on the same arguments that have already been rejected.

The § 2241 Petition shall be dismissed with prejudice. In addition, Grady is **WARNED** that he will be subject to sanctions for any future attempts to reassert foreclosed or frivolous claims in a federal habeas petition in this District.

## I. Background

Grady was the leader of a complex scheme aimed at defrauding numerous banks of millions of dollars in connection with mortgage loans. He was found guilty of bank fraud, wire fraud, and making false statements to a federal official following a nine-day jury trial that began on February 7, 2012. *See United States v. Grady*, No. 11-cr-00131-RJJ-2 (W.D. Mi. 2012) ("criminal case"). Grady was

sentenced to 168 months of imprisonment, 4 years of supervised release, and $3,086,195.06 in restitution. (Doc. 174, criminal case). The Sixth Circuit Court of Appeals affirmed his conviction and sentence. *United States v. Grady*, App. No. 12-1788 (6th Cir. July 31, 2013).

Grady filed a timely motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on January 13, 2014. *Grady v. United States*, No. 14-cv-00038-RJJ (W.D. Mi. 2014) ("§ 2255 Motion"). In the § 2255 Motion, he raised the following arguments, which were summarized by the district court, as follows:

> Mr. Grady's claims, many of which overlap, fall into four general categories: (1) challenges to the sufficiency of the evidence; (2) challenges to his convictions and restitution based on his lenders' sale of loans on the secondary market; **(3) challenges to his conviction for bank fraud (Count 20) based on his assertion that Key Bank, N.A., was not a "financial institution" as defined in 18 U.S.C. § 20.5; (4) challenges based on alleged ineffective assistance of counsel for** (i) failing to investigate the charges against him adequately; (ii) failing to present evidence and argue at trial that Mr. Grady was not guilty of wire fraud because the fraudulent loans had been sold on the secondary market; **(iii) failing to present at trial evidence that Key Bank, N.A. was not a "financial institution" as defined in 18 U.S.C. § 20;** and (iv) failing to challenge the evidentiary value of certain of the appraisals the government introduced in support of its extensive case.

(Doc. 18, pp. 3-4, § 2255 Motion) (emphasis added). The § 2255 Motion was denied in all respects. *Id*. The Sixth Circuit Court of Appeals also denied a certificate of appealability. *Grady v. United States*, No. 14-2568 (6th Cir. June 19, 2015).

Grady sought federal habeas relief under 28 U.S.C. § 2241 in this District

3

on March 17, 2016. *Grady v. Baird*, No. 16-cv-00285-DRH (S.D. Ill. 2016) (§ 2241 Petition). In the § 2241 Petition, he reasserted all of the same claims that were unsuccessful in his initial § 2255 Motion. (Doc. 1, § 2241 Petition). This Court dismissed the § 2241 Petition with prejudice. (Doc. 6, § 2241 Petition). Grady appealed the decision, and the Seventh Circuit Court of Appeals affirmed this Court's decision, stating: "[A]s the district court held, a § 2241 action cannot function as an appeal of another court's decision. Grady did not show that § 2255 is inadequate to remedy his claims." *Grady v. Baird*, App. No. 16-2163 (7th Cir. Nov. 4, 2016) (Doc. 19-1, § 2241 Petition).

Grady subsequently filed three applications for leave to file a second or successive § 2255 motion on April 10, 2017, November 20, 2017, and April 9, 2018, respectively. (Docs. 24-26, § 2255 Motion). The Sixth Circuit denied all three applications. *Id*. The instant § 2241 Petition—Grady's second—followed.

## II. The Petition

In the § 2241 Petition, Grady asserts the same claims that he already brought in his prior § 2255 Motion and § 2241 Petition. He brings these claims based on new-to-him legal theories that include a subject matter jurisdiction and due process challenge to his conviction. When distilled to their essence, however, Grady's claims are no different than those he previously brought in his § 2255 Motion, his § 2241 Petition, and his appeal.

Grady asserts that he was convicted of a nonexistent crime for two primary reasons. First, the financial institution Grady was accused of defrauding was not

4

a federally insured "financial institution" as defined in 18 U.S.C. § 20 at the time he conducted business with the institution from 2005 through 2007. (Doc. 1, pp. 5-6, 8-25). The definition of "financial institution" under 18 U.S.C. § 20 was revised in 2009. *Id*. Only then did the definition encompass the institution Grady used. *Id*.

Second, confusion about *which* financial institution Grady used led to his wrongful conviction. (Doc. 1, pp. 11, 14). Grady conducted business with Key Banc Capital, which is a subsidiary of Key Bank National. (Doc. 1, pp. 11, 14). However, he did not obtain loans from Key Bank National. *Id*. A misspelling in the indictment confused the two institutions, as did the routine reference to both institutions as "Key Bank/Banc." *Id*. Grady did not realize these errors until he brought his collateral attack pursuant to 28 U.S.C. § 2255. (Doc. 1, p. 14). He blames his trial attorney for failing to recognize the error and address it at trial. (Doc. 1, pp. 8, 17).

### III. Discussion

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

This § 2241 Petition must be dismissed at screening under this standard.

A federally convicted person may challenge his conviction and sentence on direct appeal or by bringing a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 in the court that sentenced him. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). However, the number of collateral attacks that a prisoner may bring is limited, and Grady has already brought one. *Grady v. United States*, No. 14-cv-00038-RJJ (W.D. Mi. 2014).

A second or successive § 2255 motion is not authorized, unless a panel of the appropriate court of appeals certifies that such motion contains either: (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). The Sixth Circuit has considered Grady's three recent applications to pursue a second or successive § 2255 motion and denied them all. (Docs. 24-26, § 2255 Motion).

Under very limited circumstances, a prisoner may challenge his federal conviction or sentence under § 2241. Section 2255(e) contains a "savings clause" that authorizes a federal prisoner to file a § 2241 petition, where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e); *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) ("'Inadequate or ineffective' means that 'a legal theory that could not have been

6

presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion).

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must satisfy three conditions. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F3d at 640. First, he must rely on a new statutory interpretation case. *Id*. Second, he must rely on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively. *Id*. Third, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Id*.

Grady satisfies *none* of these requirements. He relies on his recent understanding of subject matter jurisdiction and due process law to bring the § 2241 Petition. Even so, he raises the same arguments that were already rejected in his § 2255 Motion and his initial § 2241 Petition. He could have brought these arguments in his first § 2255, and he did. Finally, he has not demonstrate that there is a "fundamental defect" in his conviction or sentence. Under the circumstances, the § 2241 Petition does not trigger application of the savings clause in § 2255(e). Accordingly, the § 2241 Petition shall be dismissed. Further,

the Court deems it necessary to address Grady's redundant filings below.

## IV. Warning: Sanctions

Twice, this Court has ruled on virtually the same § 2241 Petition filed by Grady. After the initial § 2241 Petition was dismissed with prejudice by this Court and affirmed on appeal, Grady filed the instant § 2241 Petition raising the same claims that were already rejected. Grady stands warned that he will be sanctioned for future frivolous filings, consistent with *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997). In *Alexander*, 121 F.3d at 315-16, the Seventh Circuit imposed a monetary sanction as well as an order that future filings by the petitioner would be deemed denied on the thirtieth day unless the Court entered an order to the contrary. The Seventh Circuit relied on the principle that courts have "inherent powers to protect themselves from vexatious litigation." *Id*. at 316 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)). *Alexander* involved a prisoner's repetitive and redundant applications to the Seventh Circuit for leave to file a successive § 2255 action. Like that prisoner, Grady will be subject to sanctions if he continues to file claims that are clearly foreclosed or frivolous.

## V. Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED** with prejudice. Respondent **TRUE** is also **DISMISSED** with prejudice. Petitioner has not

8

demonstrated that 28 U.S.C. § 2255 provides an inadequate remedy for his claims, and he cannot use 28 U.S.C. § 2241 to appeal claims he already pursued unsuccessfully in a § 2255 Motion and § 2241 Petition. *Taylor v. Gilkey*, 314 F.3d 832 (7th Cir. 2002).

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as **MOOT**, including the Motion to Expedite Subject Matter Jurisdiction Defect (Doc. 3) and Emergency Motion to Expedite Void Judgment Under 60(b)(4) for Lack of Subject Matter Jurisdiction (Doc. 5).

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this Court within sixty (60) days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* must set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day

deadline cannot be extended. It is not necessary for petitioner to obtain a certificate of appealability in an appeal from this petition brought under § 2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.07.22
17:54:50 -05'00'

**United States District Judge**